THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LANDON SPRAWLS, Defendant-Appellant.

First District (3rd Division)   No. 1—91—1965

Opinion filed December 9, 1992.

Rita A. Fry, Public Defender, of Chicago (Henry L. Hams, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Jillian Cerone-Marisie, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Landon Sprawls, was charged with murder (Ill. Rev. Stat. 1983, ch. 38, par. 9—1), armed robbery (Ill. Rev. Stat. 1983, ch.

38, par. 18—2), and unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, par. 10—3). Defendant was found guilty on all counts and sentenced to a term of natural life for murder; a 60-year extended term for armed robbery and three years' imprisonment for unlawful restraint. Defendant appealed, and this court remanded the cause for a hearing pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712. (See *People v. Sprawls* (1990), 205 Ill. App. 3d 337, 562 N.E.2d 1065.) On remand, the trial court ruled that defendant failed to prove a *prima facie* case of racial discrimination. Defendant now appeals. We reverse and remand.

The sole issue for review is whether the trial court's finding that defendant failed to establish a *prima facie* case of discrimination by the State in the exercise of its peremptory challenges was against the manifest weight of the evidence. During trial, the State exercised four peremptory challenges. The State used three of the four peremptory challenges to dismiss the following African-American venirepersons: Nancy McGee, Pierre Adams and Connie Cossi.

In the first appeal, defendant argued that the State improperly used its peremptory challenges to dismiss African-American venirepersons on the basis of their race. This court affirmed defendant's conviction and sentence for murder, remanded the cause for an evidentiary hearing pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, and ordered the trial court to determine whether the State had purposefully discriminated against African-American venirepersons in the exercise of its peremptory challenges. *People v. Sprawls* (1990), 205 Ill. App. 3d 337, 342-43, 562 N.E.2d 1065, 1069-70.

Prior to the *Batson* hearing on remand, a stipulation was drafted pertaining to the race of the venirepersons and witnesses who testified before the trial court. At the beginning of the hearing, this stipulation was read into the record. The parties stipulated to the following facts: that 10 of the 29 venirepersons were African-American; that one of the African-American venirepersons was excused from the jury due to a conflict with college final examinations; that five African-Americans served as jurors and one African-American was an alternate juror; and that 6 of the 13 witnesses who testified at trial were African-Americans.

Defendant later argued during the *Batson* hearing that 75% of the peremptory challenges exercised by the State were used against African-American venirepersons. Defense counsel maintained that the African-American venirepersons excused by the State were a heterogeneous group by virtue of their gender, age, occupation and marital

status. Defense counsel further argued that the majority of the witnesses called at trial were white. In addition, defense counsel argued that race is an appropriate factor for the trial court to consider because defendant, who is an African-American, is a member of a cognizable racial group.

The State maintained that its use of peremptory challenges was proper. The State argued that 10 of the 29 prospective jurors were African-American, and that of the 10 African-American venirepersons, one was excused due to student obligations, leaving only nine African-American venirepersons available to the State. The State also argued that six of the venirepersons were accepted by the State and served on the jury, five on the regular jury and one as an alternate. The State further maintained that it exercised only four of its seven available challenges. In addition, the State argued that all six civilian witnesses were African-American, the victim was African-American and the State accepted twice as many African-American venirepersons as it excused. In response, defense counsel stated that at the time the *Batson* motion was made at trial, only one African-American venireperson had been accepted by the State.

██ In order to establish a *prima facie* case of racial discrimination by the prosecution in the exercise of its peremptory challenges, a defendant need now only prove relevant circumstances which raise a reasonable inference that the State used its peremptory challenges to exclude a member of the venire on the basis of race. (*Powers v. Ohio* (1991), 499 U.S. 400, 416, 113 L. Ed. 2d 411, 429, 111 S. Ct. 1364, 1373-74; *People v. Kindelan* (1991), 213 Ill. App. 3d 548, 552-55, 572 N.E.2d 1138, 1140-42.) The Illinois Supreme Court has identified a number of relevant circumstances for the trial court to consider when determining whether a defendant has established a *prima facie* case. Relevant circumstances include: a pattern of strikes against African-American venirepersons; the level of African-American representation in the venire as compared to the resulting jury; whether the African-Americans excluded from the venire were a heterogeneous group sharing race as their only common characteristic; and the race of the defendant, the victim, and the witnesses. *Kindelan*, 213 Ill. App. 3d at 553, 572 N.E.2d at 1140-41; *People v. Mahaffey* (1989), 128 Ill. 2d 388, 413, 539 N.E.2d 1172, 1184; *People v. McDonald* (1988), 125 Ill. 2d 182, 196, 530 N.E.2d 1351, 1357; *People v. Evans* (1988), 125 Ill. 2d 50, 63, 530 N.E.2d 1360, 1365.

██ A trial court's determination as to whether a *prima facie* case of discrimination has been established will not be reversed unless it is against the manifest weight of the evidence. (*Kindelan*, 213 Ill.

App. 3d at 553, 572 N.E.2d at 1141.) Here, it is significant that the venirepersons who were excused appear to be a heterogeneous group, sharing race as their only common characteristic. The African-Americans challenged by the State were of varying ages and marital status. The venirepersons ranged in ages from 20 to 55. Like the impaneled jurors, some of the venirepersons had children, some were male and others were female. One venireperson was divorced, one was single, and the third was married. All of the venirepersons had different occupations. These facts, coupled with all of the circumstances, are sufficient to raise a reasonable inference that the State used its peremptory challenges in a racially discriminatory manner.

The fact that some African-Americans were allowed to become jurors does not countervail an inference of racial discrimination as to the African-Americans who were excused. Accordingly, we conclude that defendant established a *prima facie* case of racial discrimination and that the trial court's ruling was against the manifest weight of the evidence.

The trial court's *Batson* ruling is therefore reversed, and the cause remanded in order that the State may present race-neutral justifications for excluding the relevant prospective jurors.

Reversed and remanded.

GREIMAN, P.J., and CERDA, J., concur.